## Donald Edward Crandol

### V.

## City of Newport News

Record No. 881391

November 10, 1989

Present: Carrico, C.J., Compton, Stephenson, Russell, Thomas,* Whiting, and Lacy, JJ.

* Justice Thomas participated in the hearing and decision of this case prior to the effective date of his resignation, November 1, 1989.

*Jimese L. Pendergraft; Herbert V. Kelly, Jr. (Jones, Blechman, Woltz & Kelly*, on brief), for appellant.

*Allen L. Jackson, Deputy City Attorney (Verbena M. Askew, City Attorney; Collins L. Owens, Jr., Assistant City Attorney*, on brief), for appellee.

Justice Whiting delivered the opinion of the Court.

In this case, we review the legality of a roadblock established to check the sobriety of motor vehicle operators.

Pursuant to an administrative decision by the local police department, on Friday, November 28, 1986, at approximately 10:00 p.m., police officers established a roadblock on Warwick Boulevard in the City of Newport News (the City). The roadblock was intended as a sobriety checkpoint for motor vehicle operators. Orange cones were placed in the southbound lanes of Warwick Boulevard "as far back as Middlesex Road." The evidence in this case is reflected in a statement of facts which does not disclose how far Middlesex Road was from the roadblock. Signs with flashing lights warned approaching motorists of the sobriety checkpoint.

All officers who manned the roadblock had previously attended a 24-hour training course on the sobriety checkpoint program. The police officer who devised the checkpoint plan and at least one police lieutenant were present to supervise its operation. Marked police cars were parked in the area and all officers wore uniforms, as well as reflective vests.

All vehicles were stopped in a well-lighted area in front of a stadium parking lot, which provided parking space for motor vehicles whose operators' condition warranted further investigation. Each operator was asked to produce his driver's license and vehicle registration at the roadblock, and was questioned about the possible consumption of alcoholic beverages.

Each southbound vehicle which approached the checkpoint was stopped. Whenever traffic backed up to Middlesex Road, the roadblock was suspended and all vehicles were allowed to proceed until the traffic had cleared, at which time the roadblock resumed.

At 10:58 p.m., the defendant, Donald Edward Crandol, was stopped at the roadblock and routinely questioned by Officer J.W. Duckworth. Duckworth noticed a slight odor of alcohol coming from the vehicle and a redness and glassiness about Crandol's eyes. He directed Crandol to park his vehicle in the stadium parking lot, where Crandol told Duckworth that he had consumed four drinks earlier in the evening. Duckworth then administered seven field sobriety tests; Crandol failed six. After Duckworth arrested Crandol and charged him with driving under the influence of alcohol, Crandol elected to take a breath test which showed that his blood alcohol content was .13. This amount raised a presumption of Crandol's intoxication. *See* Code § 18.2-269.

Upon conviction in the general district court, Crandol appealed to the circuit court. During the hearing of the evidence before the circuit court, sitting without a jury, Crandol moved to suppress the evidence obtained at the roadblock. He claimed that the roadblock was an unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution. The circuit court overruled Crandol's motion and convicted him as charged. On appeal, the Court of Appeals affirmed the conviction by order. The sole issue in this appeal is whether the trial court erred in denying Crandol's suppression motion.

We have dealt with the constitutionality of roadblocks in two recent cases. In *Simmons* v. *Commonwealth*, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989), we found that a roadblock vio-

lated the defendant's constitutional rights, and in *Lowe* v. *Commonwealth*, 230 Va. 346, 352, 337 S.E.2d 273, 277 (1985), we sustained the legality of the roadblock. In both cases, we noted that stopping a motor vehicle and detaining its operator at a roadblock constitutes a "seizure" within the meaning of the Fourth Amendment. *Simmons*, 238 Va. at 202, 380 S.E.2d at 658; *Lowe*, 230 Va. at 349, 337 S.E.2d at 275. This conclusion required us to determine whether the roadblocks in question were constitutionally impermissible invasions of the vehicle operators' reasonable expectation of privacy. *Id.*; *Simmons*, 238 Va. at 202, 380 S.E.2d at 658. In making this determination, we balanced the public interest in highway safety against the potential invasion of an individual operator's right of personal privacy. *Simmons*, 238 Va. at 203, 380 S.E.2d at 658; *Lowe*, 230 Va. at 352, 337 S.E.2d at 277.

■ More specifically, in striking that balance, *Lowe* adopted the three criteria used by the Supreme Court in *Brown* v. *Texas*, 443 U.S. 47 (1979), in declaring a stop-and-identify statute unconstitutional under the Fourth Amendment. We described the balance as "a weighing of (1) the gravity of the public concerns served by the seizure, (2) the degree to which the seizure advances the public interest, and (3) the severity of the interference with individual liberty." *Lowe*, 230 Va. at 350, 337 S.E.2d at 276 (citing *Brown*, 443 U.S. at 50-51). Moreover, in order to ensure that "an individual's reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered discretion of officers in the field . . . . [seizures at roadblocks] must be carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers." *Lowe*, 230 Va. at 350, 337 S.E.2d at 276 (quoting *Brown*, 443 U.S. at 51).

Crandol argues that the roadblock was illegal for two reasons. First, he contends that the City failed to produce sufficient evidence that the roadblock would advance the public interest by reducing the number of drunken drivers. Specifically, he asserts that the City failed to introduce evidence regarding the following factors we noted in *Lowe*: (1) studies made by police officials identifying problem areas of drunken driving violations in the City which provide a basis for deciding where to locate the roadblocks; (2) prior publicity of roadblocks and its deterrent effect on drunken drivers; and (3) the success of the local roadblock program. 230 Va. at 351-52, 337 S.E.2d at 276-77. We recited these factors as evidence tending to support the legality of the *Lowe*

roadblock, but did not hold that their proof was essential to its validity. In *Lowe*, the proof of advance decisions by superior officers as to the time and location of the roadblock, and of adequate training and on-site supervision of the officers, who conducted the roadblock based upon explicitly neutral criteria, was sufficient to overcome constitutional challenge. In this case, we are likewise of opinion that the proof of these elements, although not as detailed as in *Lowe*, suffices to overcome Crandol's constitutional challenge.

■ Second, Crandol relies upon our holding in *Simmons* in which we found a roadblock violated the defendant's Fourth Amendment rights because there was no "advance approval or authorization from any supervisor or superior officer . . . ." 238 Va. at 204, 380 S.E.2d at 659. In this case, however, there was an advance determination by administrative officials as to the time and place for the roadblock.

Because we are of opinion that the proof in this case is sufficient to overcome both of Crandol's constitutional challenges, we conclude that Crandol's Fourth Amendment rights against unreasonable seizure were not violated. Accordingly, the judgment of the Court of Appeals will be

*Affirmed.*