## Quantum Development Company, Inc.

### v.

## Robert D. Luckett

Record No. 901578

September 20, 1991

Present: Carrico, C.J., Compton, Stephenson, Russell,* Whiting, Lacy, and Hassell, JJ.

---

\* Justice Russell participated in the hearing and decision of this case prior to the effective date of his retirement on July 1, 1991.

*Thomas P. Dugan (Surovell, Jackson, Colten & Dugan,* on briefs), for appellant.
*C. Richard Miserendino* for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

The dispositive issue in this appeal is whether the trial court's decree enforcing a mechanic's lien is supported by the evidence.

Robert D. Luckett orally agreed with Quantum Development Company, Inc. (Quantum), to coordinate and manage construction of a small shopping center for Quantum for a builder's fee of $101,500. Luckett's responsibilities included obtaining bids, securing contractors, assigning the contractors to the job, and overseeing their work on a day-to-day basis.

Actual construction of the project began the first week of August 1987. For his services, Luckett was paid in increments of $12,687.50 as the project progressed. By July 1988, the project was 80 percent complete. On July 6, 1988, Luckett was paid a sixth increment of $12,687.50, for a total of $76,125 which represented 75 percent of his builder's fee.

Between July 6 and August 10, 1988, Luckett continued to coordinate and oversee the work of subcontractors. These subcontractors were engaged in paving, replacing cracked curbs and gutters, installing off-site sidewalks, growing and stabilizing grass in certain areas, and replacing dead shrubbery. On August 10, 1988, the project was substantially finished, and on that date, Luckett was removed from the job. However, Luckett was not paid the balance of his builder's fee, $25,375.

On October 31, 1988, Luckett filed a memorandum of mechanic's lien, pursuant to Code § 43-9, for the unpaid balance and, thereafter, brought a chancery suit to enforce his lien. Following a three-day *ore tenus* hearing, the chancellor decreed enforcement of the mechanic's lien and awarded Luckett a judgment in the amount of $25,375, plus interest at the legal rate from August 10, 1988.

Relying upon Code § 43-4, Quantum contends that Luckett's lien claim must fail. Code § 43-4 states, in pertinent part, that "no memorandum [of mechanic's lien] filed pursuant to [Chapter 1, Title 43 of the Code] shall include sums due for labor or mater-

ials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job preceding the filing of such memorandum."

Quantum contends that Luckett failed to prove what labor he furnished within the 150-day period preceding the last day that he worked. More specifically, Quantum asserts that Luckett "made no effort to distinguish between the nature of the work performed by him during the statutory period and the nature of the work performed by him during the entire year that he was on the job."

When a trial court has heard the evidence *ore tenus*, its decree is entitled to the same weight as that which attaches to a jury verdict. Therefore, the trial court's findings of fact are binding upon us unless they are plainly wrong or unsupported by the evidence. *Morris* v. *Mosby*, 227 Va. 517, 522, 317 S.E.2d 493, 497 (1984). Moreover, on appeal, we consider the evidence and all reasonable inferences it raises in the light most favorable to the party who prevailed at trial. *Id.*

In the present case, the evidence is undisputed. By July 1988, the project was 80 percent complete and Luckett had been paid 75 percent of the agreed fee. Luckett continued to perform his duties under the contract from July 6 until the near completion of the project on August 10, 1988. For example, during the 150-day period, he coordinated and oversaw the subcontractors who topped and striped the paving, completed the masonry work and roofing, finished the drywall, painted the exterior walls, and developed the site. Luckett performed all work under the express contract and for a specified amount of compensation.

Consequently, we hold that the evidence supports the trial court's finding that Luckett's claimed lien was for work performed during the 150-day statutory period. Thus, pursuant to the contract, Luckett was entitled to the balance of the builder's fee, $25,375, which represented payment due for work he performed in completing the project during the remainder of July and part of August 1988. Accordingly, the trial court's judgment will be affirmed.

*Affirmed.*