# CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Daryl James Stenning

February 3, 1995

Case No. (Criminal) 9391

BY JUDGE JAMES H. CHAMBLIN

This case came before the Court on the appeal of the defendant from the Loudoun County General District Court, filed in this Court on October 20, 1994. The defendant was convicted of driving under the influence of alcohol, a violation of § 18.2-266(ii) of the Code of Virginia, on October 4, 1994. The defendant has filed a motion to suppress all evidence obtained as a result of his being stopped and arrested at a sobriety checkpoint on July 3, 1994. The defendant claims that his rights under the Virginia and United States Constitutions were violated by the Commonwealth's utilization of a roadblock which did not conform with constitutional standards.

The Court has reviewed the defendant's motion and heard the evidence and argument of counsel on this matter. For the reasons stated in this letter opinion, the Court will deny the motion to suppress and not exclude any evidence obtained as a product of the sobriety checkpoint.

From 9:00 p.m. on Saturday, July 2, 1994, until 3:00 a.m. on Sunday, July 3, 1994, a sobriety checkpoint was conducted at the intersection of Route 7 Business and Route 287 in Loudoun County. The administration of the checkpoint was a joint effort by the Virginia State Police, the Purcellville Police Department, and the Loudoun County Sheriff's Department.

At approximately 12:15 a.m., the vehicle driven by the defendant approached the checkpoint. Trooper J. V. Facchina of the Virginia State Police stopped the vehicle and asked the defendant whether he had consumed any alcohol that night. The defendant admitted to having drunk some beer earlier that night. Trooper Facchina then asked the defendant to

pull over and performed field sobriety tests on the defendant. At the conclusion of these tests, Trooper Facchina arrested the defendant for driving under the influence of alcohol.

In his motion to suppress, the defendant claims that the stop made by Trooper Facchina was in violation of his constitutional rights. In this Commonwealth, individuals are protected against unconstitutional searches and seizures by the Fourth Amendment to the United States Constitution, as applied through the Fourteenth Amendment, and by Article I, Section 10 of the Constitution of the Commonwealth of Virginia. The state and federal constitutions provide substantially identical protections and will not be analyzed separately.

Virginia courts have considered the constitutionality of police roadblocks on more than one occasion. In *Lowe v. Commonwealth*, 230 Va. 346 (1985), the Supreme Court of Virginia announced constitutional standards for sobriety checkpoints in Virginia. That court explained that a person "operating or traveling in an automobile does not lose all reasonable expectation of privacy simply because the automobile and its use are subject to government regulation," *Delaware v. Prouse*, 440 U.S. 648, 662 (1979). Consequently, "stopping a motor vehicle and detaining the operator constitute a 'seizure' within the meaning of the Fourth Amendment, even though the purpose of the stop is limited and the resulting detention is quite brief." *See, Leeth v. Commonwealth*, 223 Va. 335, 340, 228 S.E.2d 475, 478 (1982).

The test announced in *Lowe* for the reasonableness of these seizures was based on the decision of the Supreme Court of the United States in *Brown v. Texas*, 443 U.S. 47 (1979). In that case, the Court considered the constitutionality of police roadblocks used in applying a Texas stop-and-identify statute. The balancing test announced in *Brown* and adopted in *Lowe* called for the weighing of three factors: (1) the gravity of the public concerns served by the seizure, (2) the degree to which the seizure advances the public concerns served by the seizure, and (3) the severity of the interference with individual liberty. *Brown* at 50-51. The Supreme Court of Virginia concluded in *Lowe* that the public interest in curtailing drunk driving outweighed the intrusion on individuals' privacy, where the intrusion was a product of "a plan or practice which is explicit, contains neutral criteria, and limits the conduct of the officer undertaking the roadblock." *Lowe* at 350, citing *Brown* at 51.

Virginia courts have continued to employ the *Lowe* test in examining the constitutionality of police roadblocks. Roadblocks have been held un-

constitutional where officers had sole discretion as to where and when to set up a roadblock. *See, Simmons v. Commonwealth,* 238 Va. 200 (1989); *Hall v. Commonwealth,* 12 Va. App. 972 (1991). Such actions have been held to subject an individual's expectation of privacy to unnecessarily unfettered discretion.

Roadblocks which are carried out pursuant to structured, pre-approved plan and are carried out pursuant to the standards set out in *Lowe* have been held legal. *See, Crandol v. City of Newport News,* 238 Va. 697 (1989); *Raymond v. Commonwealth,* 17 Va. App. 64 (1993).

The Supreme Court of the United States, also adopting the balancing test of *Brown,* held that a Michigan sobriety checkpoint program was consistent with the Fourth Amendment. *Michigan Dept. of State Police v. Sitz,* 496 U.S. 444, 110 S. Ct. 2481 (1990).

The DUI Sobriety Checkpoint Plan of the Virginia State Police in effect at the time of the stop contained the following provisions: (1) "Whenever the required screening time for each vehicle results in a backup of ten or more vehicles, the employee checking at the front of the backup will implement alternate screening procedures of every third vehicle until the backup is eliminated." (2) "When traffic volume or shortage of personnel due to an arrest or screening makes checking impossible, an alternate screening procedure will be implemented until the screening of each vehicle can be resumed. The team leader should determine the screening procedure to be used, i.e., second, third, fifth, or tenth vehicle." Under the heading "DUI Sobriety Checkpoints," one of the approved locations listed is "(15) Intersection of Route 7 (Business) & Route 287 — Purcellville; Days/Hours — Friday, Saturday or Holiday from 9:00 p.m. until 5:00 a.m.; Personnel Required — Four sworn employees and a supervisor."

The defendant first argues that the ability of the "employee checking at the front of the backup" or the "team leader" to vary the stopping of vehicles to as little as every tenth vehicle amounts to standardless, unbridled discretion not permissible under *Lowe.* I do not agree.

The Plan provides neutral criteria for varying the vehicles to be stopped. The criteria are designed to minimize the inconvenience to motorists approaching the roadblock. I do not feel that it represents an infringement on the defendant's reasonable expectation of privacy. Further, if the defendant is arguing that any difference between the two paragraphs in the plan set out above concerning a change in the number of vehicles to be stopped creates impermissible discretion, then I do not agree because I find that the

first paragraph only concerns traffic checking details and the second paragraph only concerns DUI Sobriety Checkpoints.

In the present case, the Court finds that Trooper Facchina, in stopping the defendant and eventually arresting him, acted pursuant to structured, detailed, and neutral plans prepared by his superiors for the legitimate and narrow purpose of identifying and arresting drivers under the influence of alcohol. The Trooper's actions were within the guidelines of the plan, based on his training, and involved no unconstitutional discretion on his part. In this case, Trooper Facchina exercised no discretion as to where and when the roadblock was to be set up. When the defendant was stopped, the Trooper was carrying out the plan and stopping every car that approached. The Court is satisfied that the actions of the police in setting up this sobriety checkpoint do not exceed the standards of *Lowe*.

Secondly, the defendant argues that the checkpoint is not permissible because it lasted from a Saturday night into a Sunday morning when the plan makes no mention of Sunday. I do not agree. I interpret the day and hours provision of the plan set forth above concerning a checkpoint at Route 7 (Business) and Route 287 to be the days on which the checkpoint may *commence*. Here the checkpoint started on a Saturday which is a day permitted by the plan. The Court is satisfied that running the checkpoint from 9:00 p.m. Saturday to 3:00 a.m. Sunday is in compliance with the plan written by the State Police.

The Court will deny the defendant's motion to suppress.