## CIRCUIT COURT OF FAIRFAX COUNTY

Brian K. Johnson et al.

v.

R. Craig Tadlock

July 10, 1996

Case No. (Chancery) 143099

By Judge Thomas S. Kenny

This case involves a petition to release certain mechanics' liens filed against plaintiffs' property by the defendant. It has been under advisement since I requested briefs at the conclusion of the June 5, 1996, trial. In addition, Ms. Glassman filed a motion to reconsider one of the bench rulings I made that day, and Mr. Dalton has filed a response to that motion.

The specific issue reserved for decision is whether a memorandum of mechanics' lien that includes a claim for work performed within 150 days of the last date that labor or materials were furnished to the site is valid, if it also includes a claim for work performed *more than* 150 days prior to that date. The court concludes that such a lien is invalid.

Section 43-4 of the Code of Virginia provides, in pertinent part, as follows:

> The lien claimant may file any number of memoranda but no memorandum filed pursuant to this chapter shall include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job preceding the filing of such memorandum.

The memorandum of lien that I took under advisement was for $15,500, which included $8,000 for "lot clearing, removal of trees, site work, install complete storm drainage system" (collectively referred to hereinafter as "site work"), and $6,000 for "installation of caissons." Plaintiffs claim that all or part of each of these tasks was performed more than 150 days prior to the defendant's last day on the job. (The remaining $1,500 was for work

that was clearly within 150 days.) The testimony at trial supports the plaintiffs' position as to the site work.

Defendant's last day on the job was December 10, 1995. July 13, 1995, would have been 150 days prior to that time. The uncontroverted testimony at trial was that site work began in mid-June and continued until August. Thus, a portion of the site work was done outside of the 150-day window allowed by the statute. (The same is not true as to the caissons; both parties agree that the caissons were started on July 13.)

While no case has been found that specifically deals with whether the inclusion of a stale claim invalidates the whole lien, it seems plain from the language of the statute ("no memorandum . . . shall include . . .") that this would be the result. Mechanics' liens, being creatures of statute, need to strictly conform to the requirements of the statute. *Francis v. Hotel Reuger,* 125 Va. 106 (1919). Furthermore, the Supreme Court of Virginia has held that "overreaching" memoranda are invalid and cannot be saved by carving out the offending portions. *Woodington Elec., Inc. v. Lincoln Sav. & Loan Ass'n,* 238 Va. 623 (1989).

Therefore, because the $15,500 lien in question includes some work that was stale under the statute, the entire lien must fail, and the petition to release must be granted.

This same analysis also applies to the $37,000 lien that was the subject of Ms. Glassman's motion to reconsider. At the trial, I ruled that this lien was valid because it dealt with a single contract, even though its performance may have required more than 150 days. On reconsideration, the court is satisfied that this ruling was wrong and was based on a misreading of *Quantum Development Co. v. Luckett,* 242 Va. 159 (1991). *Quantum* does not stand for the proposition that a contract requiring more than 150 days to perform can be liened in its entirety; rather it stands for the proposition that if a claimant can show that he is only claiming under that contract for work that was actually performed within his last 150 days on the job, it will be a valid lien.

No such showing has been made here. Indeed, the memorandum on its face shows that it entails work done over at least an eighteen-month period, and Mr. Tadlock's testimony at trial confirmed this. For that reason, this lien, too, must fail.

Release of these liens does not, of course, imply that the contract claims asserted by Mr. Tadlock against the Johnsons are invalid. He still has whatever contract remedies may otherwise be available to him. All that this ruling means is that with respect to those claims, he cannot get a

priority lien against the Johnsons' property in anticipation of a determination of those claims.