# CIRCUIT COURT OF FAIRFAX COUNTY

Westburg Construction, Inc.

v.

Lilly L. Zuckerman
and Bram Zuckerman

April 30, 1997

Case No. (Chancery) 139269

BY JUDGE STANLEY P. KLEIN

This matter comes before the Court on cross-exceptions to a Commissioner's Report. The Court has thoroughly reviewed the Commissioner's report, the record, the parties' memoranda, and the authorities cited therein. The Court has also considered the arguments made by counsel at the two hearings. For the reasons set forth hereinafter, both parties' exceptions are overruled except for Defendants' exception to the Commissioner's calculation of damages and Plaintiff's exception regarding pre-judgment interest.

This dispute arises out of a contract entered into between the parties, Plaintiff Westburg Construction, Inc., and Defendant Lilly Zuckerman ("Zuckerman").[1] Plaintiff agreed to design and construct a custom home for the Zuckermans on a lot in Great Falls. Numerous changes were requested by the Zuckermans during the construction process. After Defendants refused to make the sixth scheduled payment, Plaintiff ceased working on the project. Plaintiff sued Defendants for the $117,509 it claims it was never paid. Defendants filed a cross-bill alleging that Plaintiff had, among other things, breached the contract.

---

[1] Suit was filed against both Lilly and Bram Zuckerman but the contract with Westburg was signed only by Lilly Zuckerman. As the judgment is granted on the breach of contract claim rather than the quantum meruit claim, it is granted only against Lilly Zuckerman.

The Court appointed a Commissioner who conducted a seven day hearing. The Commissioner recommended that the Court award Westburg a personal judgment against Defendants in the amount of $74,474.41. Plaintiff filed eight exceptions to the Commissioner's Report while Defendants filed five general exceptions which included fifty-eight specific exceptions. Both parties have asked the Court to modify the Commissioner's award accordingly.

The appropriate standard of review for this Court is whether the Commissioner's findings are supported by the evidence. While a court should defer to the facts as found by the Commissioner, the legal conclusions are subject to an essentially *de novo* review. *Hill v. Hill*, 227 Va. 569, 576-77 (1984). In addition "[t]he report of the commissioner in chancery does not bind the court like the verdict of the jury ... . In suits in equity, the chancellor is judge of both the law and facts, and is presumed to be more competent to pass upon the evidence and draw correct conclusions from it than the commissioner." *Cannon v. Searles*, 150 Va. 738 (1928) (quoting *Hitt v. Smallwood*, 147 Va. 775, 778 (1926)). In accordance with this standard, the Court has carefully studied the Commissioner's Report, the documentary evidence, the transcript from the trial, the briefs, and the applicable law.

## I. Defendants' Exceptions

### A. Breach of Contract

Defendants contend that the Commissioner disregarded the parties' contract when determining who breached the contract. Defendants suggest that application of the "first breach rule," whereby the first material breach terminates the contract, ignores the rights given to the parties under the contract. Defendants rely on *Spotsylvania Sch. Bd. v. Seaboard Surety Co.*, 243 Va 202 (1992), for the proposition that requiring a "material" breach sometimes alters the parties' contract. In that case, the parties agreed that the contract would terminate upon a "substantial" violation of it. The Supreme Court concluded that requiring a material breach to terminate the contract imposed an added burden that the parties did not bargain for. *Id.* at 212.

The Court concludes that Defendants' reliance on *Spotsylvania Sch. Bd. v. Seaboard Surety* is misplaced. The Commissioner's findings were not premised on who committed the first *material* breach, but rather who committed the first material *or* significant breach. *See* Commissioner's Report, p. 8. The Commissioner determined that Defendants committed the first breach by failing to obtain the construction loan in a timely fashion as required by the contract. *See* Commissioner's Report, p. 7. Defendants argue

that Westburg waived this breach by starting construction of the house. Even if the Court were to agree with the Defendants' position on the waiver issue, the evidence supports the Commissioner's finding that Defendants committed the next significant breach of the contract when they withheld the sixth payment. The Court overrules this exception.

### B. *Lost Profits*

Defendants also object to the Commissioner's award of lost profits of $7,005 to Westburg for work required by the contract which Plaintiffs were unable to complete due to Defendants' non-payment. Defendants argue that lost profits were not appropriate under the parties' contract or Virginia law. Furthermore, Defendants claim that no evidence was presented at the Commissioner's hearing to support this award.

"[D]amages are recoverable for loss of profits prevented by a breach of contract only to the extent that the evidence affords a sufficient basis for estimating their amount in money with reasonable certainty." *Boggs v. Duncan*, 202 Va. 877, 883 (1961). The parties agree the Commissioner necessarily found that, under the contract, there was $70,056 worth of work remaining to be done on the house. In addition to the documents received in evidence, which reflect a 10% profit margin, a witness from each side testified that there was to be a 10% markup for profit. *See* Transcript, pp. 1170, 1499. The Commissioner, therefore, appropriately awarded lost profits of $7,005, to wit, 10% of the additional work Westburg would have completed but for the Zuckermans' breach. The Court overrules this exception as a reasonable basis did exist, as required by Virginia law, for the Commissioner to calculate lost profits.

### C. *Calculation of Damages*

Defendants object to the formula used by the Commissioner to calculate the damages owed to Westburg. As indicated in his report, "[y]our Commissioner is of the opinion that Westburg is entitled to the cost of work which is performed, less valid costs to correct deficiencies, and including a lost profit on a remainder of the project, which is in the amount of $74,474.41." Commissioner's Report, p.15. In addition, defendants argue that

the first nine items[2] awarded by the Commissioner's computation were already required under the parties' contract.

The calculation of damages Plaintiff is entitled to is a legal issue subject to this Court's *de novo* review. *Hill v. Hill*, 227 Va. 569, 576-77 (1984). Based on the mathematical formula set forth in the Report, the Court is unable to discern how the Commissioner factored in payments Defendants made to Plaintiff. *See* Commissioner's Report, pp. 15-16. It appears as if the Commissioner may have utilized an item by item approach for the work Plaintiff claimed was unpaid. The Court sustains Defendants' exception because the Commissioner apparently used a quantum meruit method of calculating Westburg's damages rather than determining the amount Westburg was entitled to receive pursuant to the terms of the parties' contract.

The evidence clearly establishes that the original contract price included completion of items for which the Commissioner awarded additional compensation. Therefore, Westburg is not entitled to an award for those items. *See* Footnote 1. The proper methodology under Virginia law for calculating Plaintiff's damages is as follows:

| | | |
|---|---:|---|
| | $392,680 | Original Contract Price |
| + | 25,870 | Change Orders ## 1-4 |
| — | 70,056 | Work Remaining to be Done Under the Contract |
| + | 35,087 | Change Orders ## 5-8, 12, 13, 15 |
| + | 7,005 | Lost Profits owed to Westburg Based on the Remaining Work |
| | $390,586 | Sub-total |
| — | 318,798 | Amount Paid by the Zuckermans |
| — | 21,337 | Credit for Defective Work |
| | $ 50,451 | Amount Due and Owing to Westburg |

---

[2] General Requirements ($5,040), Masonry ($930), Metals ($1,320), Wood ($6,304), Doors, Windows ($3,972), Finishes ($10,112), Plumbing ($3,575), Electrical ($4,700), and Overhead and Profit ($2,767).

This figure represents the appropriate calculation of damages based upon the factual findings set out in the Commissioner's Report.

Based on the Court's recalculation of Plaintiff's damages, the Court need not address the exceptions to alleged mathematical errors in the Commissioner's computation. These exceptions included Plaintiff's exception regarding Change Order # 13 and Defendants' exception to the deduction of the $15,000 retainage. The record is clear that the Zuckermans paid Westburg $318,798 in addition to any sum that the lender may have set aside as retainage. The evidence was further uncontested that the parties agreed that the plaintiff would not perform the work leading to Change Order # 13.

## II. *Plaintiff's Exceptions*

### A. *Mechanic's Lien*

Westburg excepts to the Commissioner's conclusion that the mechanic's lien filed by Westburg is invalid as over broad. Plaintiff concedes and the evidence supports the Commissioner's finding that the lien includes work done more than 150 days prior to the filing of Plaintiff's memorandum of lien. Under Virginia Code § 43-4, "the lien claimant may file any number of memoranda but no memorandum filed pursuant to this chapter shall include sums due for labor or materials furnished more than 150 days prior to the last day on which labor was performed or material furnished to the job preceding the filing of such memorandum." The issue, therefore, is whether the lien can be allowed to stand with respect to the work performed *within* the time frame dictated by the General Assembly in § 43-4. The Commissioner concluded that it could not.

"Being in derogation of the common law, the statutes relating to the existence and perfection of a mechanic's lien are strictly construed." *Rosser v. Cole*, 237 Va. 572, 576 (1989). While no Virginia appellate court has addressed precisely this issue,[3] the Virginia Supreme Court has discussed over-inclusive liens placed on property on which no work was done. In *Woodington Electric v. Lincoln Savings*, 238 Va. 623 (1989), the Court ruled that an attempt by a mechanic to assert one lien against several parcels of land, only some of which he had worked on, rendered the entire lien invalid. The decision rested on public policy concerns.

---

[3] *See Johnson v. Tadlock*, 39 Va. Cir. 436 (1996) (holding that a mechanic's lien fails in its entirety if it includes work done outside the statutory period).

In our view, the statutory scheme, as it has been interpreted by this Court, is one which places great power in the hands of mechanics but which purposefully contains that power within carefully circumscribed limitations. The aim of the statutory scheme is to aid the mechanic while protecting the owner from abuse ... . Mechanic's lien law in Virginia will not permit a claimant to file an over-inclusive lien and then leave it to the trial court to excise any excess property. It is the mechanic's duty to place his lien upon the property upon which he worked and no more.

*Id.* at 634. Applying this rational to the present case, Westburg was required to file a lien for only the work performed within the window of time set forth in the statute. Relying on *Woodington, Johnson v. Tadlock*, and the generally strict application of the mechanic's lien statutes, this Court holds that the entire lien fails. The Court therefore overrules Plaintiff's exception and affirms the Commissioner's conclusion that the entire lien must be released.

## B. *Costs of the Commissioner's Hearing*

Plaintiff excepts to the Commissioner's recommendation that the parties equally share the cost of the hearing. Plaintiff relies on Virginia Code § 14.1-178 which provides that "the party for whom final judgment is given in an action ... shall recover his costs against the opposite party."

Defendant argues that the Commissioner's award as to costs should be left undisturbed because Code § 14.1-177 places the award of costs in equity cases within the trier of fact's discretion. The Zuckermans assert that the award of costs herein logically reflects the Commissioner's conclusion that both parties were to some degree "at fault." *See* Commissioner's Report, p. 8.

Following a basic tenet of statutory interpretation, the Court must fashion an interpretation of Code §§ 14.1-177 and 14.1-178 which gives meaning to both without eviscerating either. *Natrella v. Board of Zoning Appeals*, 231 Va. 451, 461 (1986); *Cooper v. Occoquan Land Development Corp.*, 8 Va. App. 1 (1989). In addition, the Court is bound by the rule that "when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible, and where they conflict, the latter prevails." *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340 (1979). The Court will apply § 14.1-177 as it is the more specific statute applying only to cases in equity. Therefore, it was within the Commissioner's discretion to split the costs. There has been no showing of

abuse of his discretion and therefore, the Court affirms this ruling and overrules Plaintiff's exception.

## C. *Pre-Judgment Interest*

Plaintiff excepts to the Commissioner's Report because it failed to award Plaintiff pre-judgment interest on the sum awarded. Defendants claim that the Commissioner's failure to address the pre-judgment interest claim in his report implies that he deemed it appropriate to deny this aspect of Plaintiff's claims. They argue that Virginia Code § 8.01-382 makes the award of pre-judgment interest discretionary. "[T]he judgment or decree of the court, may provide for interest on any principal sum awarded, or any part thereof, and fix the period at which the interest shall commence." Va. Code § 8.01-382; *see also Dairyland Ins. v. Douthat*, 248 Va. 627 (1994). Because the Commissioner determined that both parties were at fault, Defendants suggest that the withholding of pre-judgment interest on Plaintiff's award was appropriate.

An award of prejudgment interest lies within the discretion of the trier of fact. *Id.* As the Commissioner's Report fails to even address the request for pre-judgment interest, this Court cannot conclude that the Commissioner ever exercised the discretion the statute requires. Therefore, the Court sustains Westburg's exception. When the court considers the evidence in this case and the findings of the Commissioner, it exercises its discretion to award Westburg pre-judgment interest commencing November 3, 1994. Pursuant to Virginia Code § 6.1-330.54, "[a] money judgment entered in an action arising from a contract shall carry interest at the rate lawfully charged on such contract or nine percent annually whichever is higher." As the parties' contract provided for interest on any past due payments at a rate of 12% per annum, pre-judgment is set at the rate of 12% per annum.

## III. *Remaining Exceptions*

The parties have filed numerous additional exceptions to fact specific findings made by the Commissioner as to different aspects of the construction of the residence.[4] As Westburg's counsel correctly acknowledged during oral

---

[4] Plaintiff's Exceptions 5-8; Defendants' Exceptions 1-16, 37-58. The Commissioner's decision to allow Plaintiff to reopen its case was within the Commissioner's broad discretion. *See Hargraves v. Commonwealth*, 219 Va. 604, 608 (1978). The Court finds that the Commissioner did not abuse his discretion in allowing Plaintiff to reopen its case. Moreover, in determining whether the Commissioner's findings are supported by the evidence, the Court must consider not only Plaintiff's but also Defendants' evidence. *Id.* at 605.

argument, the Commissioner's factual findings are presumptively correct. *Morris v. United Va. Bank*, 237 Va. 331, 338 (1989). This Court's inquiry is limited to whether the Commissioner's factual findings are supported by credible evidence in the record. *Id*. This Court declines the Zuckermans' repeated requests to ignore this controlling Virginia precedent and review *de novo* virtually all of the factual findings made by the Commissioner which were contrary to their arguments. Accordingly, the parties' remaining exceptions are overruled.

Except as set forth above, the Court adopts the findings and recommendations set forth in the Commissioner's Report and based on the breach of contract claim, judgment is granted to the Plaintiff Westburg Construction, Inc., against Defendant Lilly L. Zuckerman in the principal sum of $50,451, with interest at the rate of 12% per annum from November 3, 1994, until paid, and consistent with the contents of this letter opinion, the Plaintiff's other recoverable costs expended herein.