COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Senior Judge Hodges
Argued at Richmond, Virginia


MAURICE DONNELL TAYLOR

                                    MEMORANDUM OPINION* BY
v.         Record  No. 2540-98-2     JUDGE WILLIAM H. HODGES
                                       OCTOBER 12, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                       George F. Tidey, Judge

          Robert P. Geary for appellant.

          Marla Graff Decker, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     Maurice Donnell Taylor (appellant) appeals from his bench

trial conviction by the Circuit Court of Henrico County for

conspiring to distribute cocaine.  The sole issue presented for

appeal is whether the trial court erred when it denied appellant's

motion to suppress evidence that appellant contends was obtained

as a result of an unlawful arrest.  Finding no error, we affirm

the judgment of the trial court.

     In reviewing a trial court's denial of a motion to

suppress, we are bound to review de novo the ultimate questions

of reasonable suspicion and probable cause.  See Ornelas v.

United States, 517 U.S. 690, 699 (1996).  But we "review

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."[1]  Id.

So viewed, the evidence proved that on the night of September 9, 1997, Airrion Agee proceeded to a motel room where he sold crack cocaine to undercover police officer Richard Popielarz.  At Popielarz's signal, several police officers, including Officer Hueston, entered the motel room and arrested Agee.  Although Agee was alone when arrested, Hueston believed that Agee had driven to the motel with at least one other person, so Hueston went to the motel parking lot to look for possible accomplices.  Popielarz had bought cocaine from Agee on August 29, 1997, and Hueston knew that Agee was accompanied by another male on that date.

Just around the corner of the motel building, Hueston saw appellant and Natasha Shirelle sitting in a parked car.  Hueston testified that this was the only occupied car in the motel parking lot.  Hueston was approximately ten feet from the car when he recognized appellant as someone he had seen sell drugs

---

[1] "'Clear error' is a term of art derived from Rule 52(a) of the Federal Rules of Civil Procedure, and applies when reviewing questions of fact" in the federal system.  Ornelas, 517 U.S. at 694 n.3.  In Virginia, questions of fact are binding on appeal unless "plainly wrong."  Quantum Dev. Co. v. Luckett, 242 Va. 159, 161, 409 S.E.2d 121, 122 (1991); Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986).

to an informant the previous week.  Hueston admitted, however, that he could not remember appellant's name.

Hueston and another officer, acting in the interest of officer safety, directed appellant and Shirelle to exit the vehicle.  Hueston patted down appellant for weapons and asked appellant's name.  When appellant identified himself, Hueston recognized the name because four different informants had told Hueston that a man named Maurice Taylor worked with Agee selling drugs.  The informants told Hueston that Taylor and Agee supplied crack cocaine on the Route 60 corridor, where this motel was located, and that "when you saw one you usually saw both of them."  The informants had told Hueston where Taylor and Agee lived, and Hueston had been able to confirm this information.  Hueston testified that two of these informants may have been associated with one another, but that the other two informants were independent.

Hueston placed appellant under arrest and transported him to the police station.  After being advised of his <u>Miranda</u> rights, appellant gave a self-incriminating statement to Hueston.

"A police officer may seize a person by an arrest only when the officer has probable cause to believe that the person seized <u>has committed or is committing</u> a crime."  <u>Ewell v. Commonwealth</u>, 254 Va. 214, 217, 491 S.E.2d 721, 722 (1997) (emphasis added).

"'Probable cause exists where "the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.'" Jefferson v. Commonwealth, 27 Va. App. 1, 12, 497 S.E.2d 474, 479 (1998) (citations omitted). The arresting officer is permitted to act based on probabilities, and is not required to rely upon hard certainties. See Carson v. Commonwealth, 12 Va. App. 497, 502, 404 S.E.2d 919, 922, aff'd on reh'g en banc, 13 Va. App. 280, 410 S.E.2d 412 (1991), aff'd, 244 Va. 293, 421 S.E.2d 415 (1992).

"[T]he Supreme Court has held that the fourth amendment permits a police officer who has probable cause to make a warrantless arrest even though there was an opportunity to procure a warrant. Thus, probable cause, not exigent circumstances, is the standard for measuring the constitutional validity of an arrest." Thompson v. Commonwealth, 10 Va. App. 117, 121, 390 S.E.2d 198, 201 (1990) (citing United States v. Watson, 423 U.S. 411 (1976)).

Before he ever seized appellant, Hueston recognized appellant as the person he had seen sell cocaine to an informant one week previously. Based upon this knowledge and information,

- 4 -

Hueston had probable cause to arrest appellant.[2]  The fact that

Hueston may have decided to arrest appellant based on his belief

that appellant was Agee's accomplice in the September 9, 1997

drug sale is immaterial.  See Whren v. United States, 517 U.S.

806, 813 (1996) (a police officer's subjective intentions are

irrelevant if there is an objective basis for arresting a

defendant).  Moreover, based on the information Hueston had

obtained from four different informants, and appellant's

presence in the parking lot of the motel where Agee had just

been arrested for distributing cocaine, Hueston had probable

cause to believe that appellant was involved in Agee's criminal

activity.  Accordingly, the trial court did not err when it

denied the motion to suppress.

Affirmed.

---

[2] Because Hueston had probable cause to arrest appellant before ordering appellant from the car, we need not determine whether the initial seizure constituted a detention or an arrest.