# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Derrick Lamont Spencer

November 29, 2000

Case No. CR00003085-00

BY JUDGE MARC JACOBSON

Derrick Lamont Spencer is charged with feloniously and unlawfully operating a motor vehicle after having been determined a Habitual Offender after having previously been convicted of driving while a determination as a habitual offender was in effect. The charge arose out of the defendant's having been stopped while operating a motor vehicle at a roadblock operated by the Virginia State Police in Norfolk, Virginia.

The checkpoint in question was set up as part of a DUI sobriety operation in the Hampton Roads area. The Virginia State Police's guidelines for operation of this checkpoint, as reflected in the Site Operations Plan for the area, entail that all vehicles would be screened, unless more than five vehicles became backed up in any lane of travel. In such a circumstance, the first alternate method of checking was to check every other vehicle, and if this cause a traffic backup, to check every fifth vehicle. The operation was to cease if backups continued, and a minimum of two officers were present throughout the stop. Additionally, there was adequate police parking at the site, adequate visibility, no hazardous conditions, and sufficient space for violators to pull off the road.

Defendant contends that the roadblock was an unconstitutional violation of his Fourth Amendment rights.

The Virginia Court of Appeals, in discussing roadblocks, stated:

"We evaluate the constitutionality of a traffic-checking roadblock according to established principles. 'Persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the unbridled discretion of police officers'." *Crouch v. Commonwealth*, 26 Va. App. 214, 217, 494 S.E.2d 144 (1997), quoting *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401 (1979). Nevertheless, roadblocks that do not involve the unbridled exercise of discretion by officers do not violate the constitution. *See id.* "In Virginia it is well settled that to ensure that an individual's expectation of privacy is not subjected to arbitrary invasion solely at the unfettered discretion of police officers in the field, seizures at roadblocks must be carried out pursuant to plans embodying explicit, neutral limitations on the conduct of the individual officer."

*See Crouch* at 218, 494 S.E.2d 144, quoting *Brown v. Commonwealth*, 20 Va. App. 21, 24, 454 S.E.2d 758, 759 (1995). "The validity of a checkpoint depends upon the amount of discretion remaining with the field officers operating the roadblock. Clearly, roadblocks are constitutional when conducted according to explicitly neutral plans which completely eliminate the discretion of the operating officers." *See Crouch* at 218, 494 S.E.2d 144.

The United States Supreme Court in the case of *Brown v. Texas*, 443 U.S. 47 (1979), pronounced a specific test involving a weighing of three factors: "(1) the gravity of the public concerns served by the seizure, (2) the degree to which the seizure advances the public interest, and (3) the severity of the interference with individual liberty." *See Lowe v. Commonwealth*, 230 Va. 346, 350, 337 S.E.2d 273, 276 (1985). This test has been applied in Virginia in assessing the constitutionality of roadblocks such as the one at issue here. In *Lowe*, a roadblock had been set in Charlottesville, Virginia, according to a plan developed by law enforcement a month before the defendant's arrest. *See Lowe* at 351. The plan was adopted after extensive research, and the officers involved received special training. *See id.* All southbound traffic was stopped, and the officers had no discretion regarding which vehicles to detain. *See id.* There was also adequate space in which vehicles could stop, and if congestion occurred, the officers let vehicles through the checkpoint until congestion cleared. *See id.*

In upholding the constitutionality of the roadblock in *Lowe*, the court, using the balancing test in *Brown*, noted:

[b]alancing the State's strong interest in protecting the public from the grave risk presented by drunk drivers, against the minimal

> inconvenience caused motorists approaching the roadblock, we hold that the action of the police in this case was not an impermissible infringement upon defendant's reasonable expectation of privacy. The Charlottesville system is safe and objective in its operation, employs neutral criteria, and does not involve standardless, unbridled discretion by the police officer in the field, which was condemned in *Prouse*.

*Id.*, noting *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391 (1979) (holding a roadblock to be unconstitutional because the officer randomly picked a vehicle to search, using his discretion as the only criteria).

The roadblock at issue here is almost identical to that utilized in *Lowe*; it was designed in 1998, and it was utilized as part of an overriding operation to stop drunk drivers. The plan was approved by a high-level officer, uninvolved in the actual operation of the roadblock itself. Each car was stopped, with no discretion on the officer's part to choose which vehicles he or she wanted to detain. There was adequate light, space to pull over, and the roadblock was adequately staffed. Additionally, there was a distinct plan to follow in the case of traffic congestion, and no hazardous conditions existed at the roadblock site.

Several other Virginia cases have upheld the constitutionality of similar roadblocks, even when the officers involved used their own discretion in some aspect of the stop. In *Sheppard v. Commonwealth*, 25 Va. App. 527, 489 S.E.2d 714 (1997), the court held that a roadblock set up according to a plan that used neutral criteria was valid, even when the officer deviated from the written plan by selecting a site not included in the original specifications. In *Crouch v. Commonwealth*, 26 Va. App. 214, 494 S.E.2d 144 (1997), the officer had the discretion to decide the timing of the checkpoint, though not the location. In deciding that the roadblock was constitutional, the court noted that the discretion used by the officer was "limited and supervised;" thus, the roadblock did not constitute an impermissible restraint on the defendant's liberty. *See id.* at 220, 494 S.E.2d 144. In most cases involving pre-arranged plans, the state appellate courts have upheld the constitutionality of roadblocks, because any discretion utilized by the operating officers did not fatally affect the stop. *See Raymond v. Commonwealth*, 17 Va. App. 64, 435 S.E.2d 151 (1993) (holding plan constitutional when officers stopped all traffic at a pre-arranged location and time); *Crandol v. City of Newport News*, 238 Va. 697, 701, 386 S.E.2d 113, 115 (1989) (holding roadblock constitutional based on "proof of advance decisions by superior officers as to the time and location . . . and explicitly neutral criteria"). On the other hand,

roadblocks that have been adjudged unconstitutional have involved those where the officers simply decided to begin stopping vehicles, with no plan, no superior approval, using their own discretion to choose time and location. *See Simmons v. Commonwealth*, 238 Va. 200, 380 S.E.2d 656 (1989).

In the instant case, there was no discretion used by the operating officers, and the stop was conducted according to the pre-approved plan written by the officers' superiors. Based upon the balancing test in *Brown*, the gravity of the public concerns involved with drunk driving and the advancement of the public interest in removing drunk drivers from state roadways outweigh the minimal restraint the roadblock had on the Defendant's liberty.

The Court finds and rules that the roadblock in the instant case affecting the Defendant did not deny or result in the loss of any constitutional rights of the Defendant and the arrest and charge resulting from said roadblock against the Defendant were proper.