UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


THURSTON L. WHITE, JR.

                                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0402-12-1            JUDGE RUDOLPH BUMGARDNER, III
                                                         NOVEMBER 13, 2012
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                            H. Thomas Padrick, Jr., Judge

            G. Jeffrey Mason (Mason & Mason, PLLC, on brief), for appellant.

            David M. Uberman, Assistant Attorney General (Kenneth T.
            Cuccinelli, II, Attorney General; Michael T. Judge, Senior Assistant
            Attorney General, on brief), for appellee.


        Thurston L. White, Jr., appeals his conviction of possession of cocaine with the intent to

distribute, possession of more than five pounds of marijuana with the intent to distribute, and

transporting more than one ounce of cocaine into the Commonwealth.  The defendant entered a

conditional plea of guilty to all charges after the trial court denied his motion to suppress a Federal

Express package that contained cocaine and marijuana.  He maintains the trial court erred in ruling

that there was reasonable suspicion to seize the package.  We conclude the police had probable

cause to seize the package, which necessarily incorporates a finding of reasonable suspicion, and

affirm the trial court.

        "In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, cert. denied, 449 U.S. 1017 (1980)). While we review *de novo* the ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error and . . . give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." Ornelas v. United States, 517 U.S. 690, 699 (1996). "In Virginia, questions of fact are binding on appeal unless 'plainly wrong.'" McGee, 25 Va. App. at 198 n.1, 487 S.E.2d at 261 n.1 (quoting Quantum Div. Co. v. Luckett, 242 Va. 159, 161, 409 S.E.2d 121, 122 (1991)).

On January 11, 2005, Detective James W. Faison was inspecting packages for illegal narcotics at the Federal Express facility in Virginia Beach. The detective noted a package shipped to the defendant from California. The handwritten label, completed in two handwriting styles, identified the sender only as "FedEx." It named the defendant as the recipient, but provided no other address than the Federal Express office in Virginia Beach and provided no phone number for the defendant. The detective smelled a strong odor of dryer sheets, or fabric softener sheets, coming from the package. The detective's drug dog did not alert to the package.

The detective left the package at the Federal Express facility but returned the following morning. Shortly after the office opened at 8:00 a.m., the defendant arrived and picked up the package. As he was leaving with it, the detective approached, identified himself as a police officer, and asked if the defendant would be willing to speak with him. The defendant agreed.

In response to general background questions, the defendant stated that he lived in Newport News. He said he worked "an exit back" off the interstate but could not name the exit. He had not parked his vehicle in the Federal Express customer parking area but in the employee parking area that was much further away. When asked if he was expecting a package that day,

the defendant answered, "No." However, when the detective suggested the package had "some indicators of a possible narcotics shipment," the defendant said it contained "clothes and wedding stuff." He maintained the package was for his wife, though it was addressed to him. When the detective asked for permission to open the package, the defendant did not consent. Instead, he telephoned his wife and stated "she was going to respond to FedEx." The defendant waited briefly for his wife, then told the detective he had "other commitments" and had to leave.

The detective seized the package when the defendant left the Federal Express office. He applied for, and obtained a search warrant before opening it. The package contained 493 grams of cocaine and over 5 pounds of marijuana. The defendant moved to suppress the evidence found in the package on both the grounds that it was illegally seized and the search warrant was not supported by probable cause. The appeal was only granted on the issue of whether there was reasonable suspicion to seize the package.

The defendant argues the detective did not have reasonable suspicion to seize the package while he obtained a search warrant. The Commonwealth responds that the proper test is whether the officer had probable cause to seize the package and maintains that the seizure was based upon probable cause. We need not address whether the lower standard of reasonable suspicion was sufficient to permit the officer to seize the package while obtaining a search warrant because the facts in this case did constitute probable cause.[1] Obviously, if the facts met the higher standard of probable cause, they met the lesser standard of reasonable suspicion.

---

[1] See United States v. McBride, 676 F.3d 385 (4th Cir. 2012) ("A detention requires more than an 'inchoate and unparticularized suspicion or "hunch,"' but it does not require probable cause." (quoting Terry v. Ohio, 392 U.S. 1, 27 (1968))). "This reasonable suspicion standard, which the Supreme Court applied to persons in Terry, is equally applicable to investigative detentions of personal property." Id. at 392 (citing United States v. Place, 462 U.S. 696, 702 (1983)).

To justify the brief detention of personal effects, an officer must identify "specific articulable facts that the property contains contraband or evidence of a crime."  United States v. Place, 462 U.S. 696, 706 (1983).  See also Hurley v. Commonwealth, 36 Va. App. 83, 89, 548 S.E.2d 266, 269 (2001).  "'Probable cause for issuance of a search warrant exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  Hicks v. Commonwealth, 281 Va. 353, 359, 706 S.E.2d 339, 342 (2011) (quoting Jones v. Commonwealth, 277 Va. 171, 178, 670 S.E.2d 727, 731 (2009)).

Detective Faison was trained and experienced in drug interdiction.  Based upon his training and experience, he noted that drug shipments usually had shipping labels that omitted information "so as not to leave a trail back to the shipper or in some cases to the person that the package is intended for."  He indicated that overnight shipments from the West Coast, specifically California, were suspicious because California was a "source state" for the shipment of drugs into Virginia.  The odor of dryer sheets caused the detective to believe the package contained narcotics because narcotics were shipped with numerous kinds of masking odors, including dryer sheets, so as "to defeat drug detection canines."

In addition to the suspicious shipping label and the masking odors, the defendant gave inconsistent answers to questions about the package.  Despite not having been notified of the package's arrival and denying that he was expecting a package, he drove from his home in Newport News to the Federal Express facility the day the shipment arrived and retrieved it just as the facility opened.  Though the defendant said he worked nearby, he could not name the interstate exit where he worked.  After denying any knowledge of the contents of the package, and despite the package being addressed to him, he asserted that it contained "clothes and wedding stuff" for his wife.

The totality of the circumstances provided Detective Faison with probable cause to believe the package contained narcotics and permitted him to seize it.  Accordingly, we affirm the trial court's judgment.

Affirmed.