473 S.E.2d 87

**Ulysses Lavanda THOMAS**

v.

**COMMONWEALTH of Virginia.**

**Record No. 1291–95–2.**

Court of Appeals of Virginia,
Richmond.

July 30, 1996.

Michael S. Ewing, Richmond (Rawlings & Wood, on brief), for appellant.

Eugene Murphy, Assistant Attorney General (James S. Gilmore, III, Attorney General, on brief), for appellee.

Present: BENTON, WILLIS and ELDER, JJ.

BENTON, Judge.

Ulysses L. Thomas was convicted of driving after having been declared an habitual offender, Code § 46.2–357, and of refusal to permit blood or breath samples to be taken for alcohol tests, Code § 18.2–268.3. He contends that the convictions should be reversed because the evidence of his guilt was obtained as a result of an unlawful stop. We agree as to the conviction for violating Code § 46.2–357 and reverse that conviction. However, we lack jurisdiction over the refusal conviction.

Prior to trial, Thomas filed a motion to suppress the evidence. The motion alleged that the evidence of Thomas' guilt was obtained unlawfully during a detention without a warrant and in violation of the Fourth Amendment. The trial judge deferred ruling on the motion until after evidence was presented at trial.

The evidence at trial proved that on the night of November 19, 1994, police officers of the Henrico County Police Department established a roadblock where the exit ramp of Interstate 64 joins Nine Mile Road. Four or five police vehicles were stationed at the roadblock with their lights flashing. Some vehicles were parked on Nine Mile Road and others were located on the right side of the exit ramp where it intersects Nine Mile Road. The officers were standing at the

stop sign at the top of the exit ramp and approached drivers as they came to the stop sign.

At approximately 11:17 p.m., Sergeant Marjorie Tussing observed a small pickup truck proceed up the exit ramp and stop on the shoulder of the exit ramp approximately thirty yards before the roadblock. She testified that the roadblock was visible from where the truck stopped. After the truck stopped, Tussing approached the vehicle on foot. She observed a short, stocky man, Thomas, exit the driver's side door and walk around to the passenger's side of the truck. Then, a taller, thin man exited from the passenger's side door and stood beside the shorter man.

When Tussing approached Thomas and stated, "You were driving," Thomas responded, "I was not." Tussing then asked Thomas for his name and "other DMV information." She checked the information on a computer and learned that Thomas' status was "suspended habitual offender, notice received."

During their conversation, Tussing noticed a strong odor of alcohol about Thomas' person and noticed that his eyes were bloodshot. She then required Thomas to perform several field sobriety tests. When Thomas refused to take "the field breath test," Tussing placed Thomas under arrest and subsequently read him the implied consent law. Thomas refused to submit to a blood or breath test.

On this evidence, the trial judge overruled Thomas' motion to suppress the evidence and found Thomas guilty of driving after having been adjudicated an habitual offender and of violating the implied consent law. The trial judge found Thomas not guilty of driving under the influence of alcohol.

■■■ "[S]topping a motor vehicle and detaining the operator [at a roadblock] constitute a 'seizure' within the meaning of the Fourth Amendment." *Lowe v. Commonwealth*, 230 Va. 346, 349, 337 S.E.2d 273, 275 (1985), *cert. denied*, 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). "[I]n order to ensure that 'an individual's reasonable expectation of privacy is not subject to arbitrary invasions solely at the unfettered

discretion of officers in the field ... [seizures at roadblocks] must be carried out pursuant to a plan embodying explicit, neutral limitations on the conduct of individual officers.' " *Crandol v. City of Newport News*, 238 Va. 697, 700, 386 S.E.2d 113, 114 (1989) (citations omitted). "Under the Fourth Amendment, the Commonwealth has the burden of proving the legitimacy of a warrantless search and seizure." *Simmons v. Commonwealth*, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989).

■ The evidence proved that the vehicle stopped within thirty yards of the roadblock on the highway ramp leading to the roadblock. The reasonable inference to be drawn from the evidence is that the only direction of travel available to the vehicle was to the roadblock. Indeed, the police officer who approached the vehicle testified that the vehicle stopped because of the roadblock. Thus, the facts of this case are unlike *Stroud v. Commonwealth*, 6 Va.App. 633, 370 S.E.2d 721 (1988), where this Court held that when the driver made a U-turn and drove away from the roadblock, he was not stopped by the roadblock. *Id.* at 636, 370 S.E.2d at 723. The evidence in this case proved that the vehicle was stopped at the roadblock and that the officer's approach to the vehicle and detention of Thomas occurred within the roadblock's zone and by virtue of the officer's duties at the roadblock.

No evidence in the record proved, however, "that the procedure for establishing [the] roadblock[ ] was 'safe and objective in its operation, employ[ed] neutral criteria, and [did] not involve standardless, unbridled discretion by the police officer in the field.' " *Simmons*, 238 Va. at 203, 380 S.E.2d at 658 (citation omitted). At the conclusion of the evidence, Thomas argued that the evidence failed to prove that the roadblock was established pursuant to criteria that satisfied the Fourth Amendment. The trial judge denied the motion to suppress. The following holding in *Simmons* is applicable to this case:

On the basis of this record, we hold that the Commonwealth has not met its burden. Without evidence that the [officers] were using an objective, nondiscretionary procedure, we

hold that the initial stop of [Thomas'] automobile violated the Fourth Amendment. Because the initial detention of [Thomas] was unreasonable, the trial court should have suppressed all of the evidence seized as a result of that stop. Accordingly, the judgment of ... the trial court will be reversed and the prosecution will be dismissed.

238 Va. at 204, 380 S.E.2d at 659.

■ For these reasons, we reverse the conviction for driving after having been declared an habitual offender in violation of Code § 46.2–357. This Court does not have jurisdiction, however, over an appeal from a conviction of refusal to take a blood or breath test. *See Commonwealth v. Rafferty,* 241 Va. 319, 402 S.E.2d 17 (1991). Therefore, the portion of the appeal challenging the conviction under Code § 18.2–268.3 is transferred to the Supreme Court of Virginia, pursuant to Code § 8.01–677.1.

*Reversed and dismissed in part and transferred in part.*