COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judges Baker, Benton, Coleman,
     Willis, Elder, Bray, Fitzpatrick, Annunziata and
     Overton
Argued at Richmond, Virginia


ULYSSES LAVANDA THOMAS
                                        OPINION BY
v.     Record No. 1291-95-2        JUDGE SAM W. COLEMAN III
                                        JANUARY 21, 1997
COMMONWEALTH OF VIRGINIA


UPON A REHEARING EN BANC

FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

Michael S. Ewing (Rawlings & Wood, on brief),
for appellant.

Eugene Murphy, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


     The defendant, Ulysses L. Thomas, appeals his convictions

for driving after having been declared an habitual offender, Code

§ 46.2-357, and refusing to submit to a blood or breath test,

Code § 18.2-268.2.  A panel of this Court reversed the conviction

for driving after having been declared an habitual offender and

transferred the refusal appeal to the Supreme Court.  Thomas v.

Commonwealth, 22 Va. App. 735, 473 S.E.2d 87 (1996).  We granted

the Commonwealth a rehearing en banc.

     Upon rehearing en banc, we hold that the trial court did not

err in refusing to require the Commonwealth to prove that the DUI

roadblock had been established in accordance with the

constitutional requirements set forth in Delaware v. Prouse, 440

U.S. 648 (1979). Because the defendant was not stopped or arrested at the roadblock, the validity of the roadblock was immaterial to the legality of his seizure. Furthermore, because the police officer had reason to suspect that the defendant was unlicensed, the officer had the duty to investigate, which led to the discovery that the defendant was an habitual offender. Thus, the trial court did not err in refusing to suppress the evidence obtained as a result of the temporary detention, which led to the habitual offender charge. Accordingly, we uphold the ruling of the trial court and affirm the conviction for driving after having been declared an habitual offender.

As to the appeal from the conviction for refusing to submit to a blood or breath test, because that matter is civil we transfer it to the Supreme Court of Virginia pursuant to Code § 8.01–677.1.

BACKGROUND

The evidence proved that on the night of November 19, 1994, police officers of the Henrico County Police Department established a roadblock where the exit ramp of Interstate 64 joins Nine Mile Road. Four or five police vehicles were stationed at the roadblock with their lights flashing. Some vehicles were parked on Nine Mile Road and others were located on the right side of the exit ramp where it intersects Nine Mile Road. The officers were standing at the stop sign at the top of the exit ramp and approaching drivers as they came to the stop

sign.

At approximately 11:17 p.m., Sergeant Marjorie Tussing observed a small pickup truck proceed up the exit ramp and stop on the shoulder of the exit ramp approximately thirty yards before the roadblock. She testified that the roadblock was visible from where the truck stopped. After the truck stopped, Tussing approached the vehicle on foot. She observed a short, stocky man, Thomas, exit the driver's side door and walk around to the passenger's side of the truck. Then, a taller, thin man exited from the passenger's side door and stood beside the shorter man.

When Tussing approached Thomas and stated, "You were driving," Thomas responded, "I was not." Tussing then asked Thomas for his name and "other DMV information." She checked the information on a computer and learned that Thomas' status was "suspended habitual offender, notice received."

During their conversation, Tussing noticed a strong odor of alcohol coming from Thomas and noticed that his eyes were bloodshot. She then required Thomas to perform several field sobriety tests. When Thomas refused to take "the field breath test," Tussing placed Thomas under arrest for driving while intoxicated and thereafter read him the implied consent law. Thomas refused to submit to a blood or breath test.

On this evidence, the trial judge held that the arrest was not illegal and overruled Thomas' motion to suppress the

evidence.  The trial judge found Thomas guilty of driving after having been adjudicated an habitual offender and of violating the implied consent law.  The trial judge found Thomas not guilty of driving under the influence of alcohol.

### ANALYSIS

The Fourth Amendment protects people from unreasonable searches and seizures by law enforcement officers.  Katz v. United States, 389 U.S. 347, 351, 88 S. Ct. 507, 511, 19 L. Ed. 2d 576, 582 (1967).  Evidence obtained in violation of the Fourth Amendment is inadmissible in a criminal prosecution for a charged criminal violation pertaining to the seized evidence. Mapp v. Ohio, 367 U.S. 643, 655, 81 S. Ct. 1684, 1691-92, 6 L. Ed. 2d 1081, 1090 (1961).  In order for a seizure to occur, an individual must be under some physical restraint by an officer or have submitted to the show of police authority.  California v. Hodari D., 499 U.S. 621, 628, 111 S. Ct. 1547, 1551, 113 L. Ed. 2d 690, 698-99 (1991).

"[S]topping a motor vehicle and detaining the operator [at a roadblock] constitute a 'seizure' within the meaning of the Fourth Amendment . . . ."  Lowe v. Commonwealth, 230 Va. 346, 349, 337 S.E.2d 273, 275 (1985), cert. denied, 475 U.S. 1084 (1986).  Here, Thomas was neither stopped nor physically restrained at the roadblock and he did not submit to the show of police authority.  To the contrary, of his own volition, Thomas stopped the truck on the shoulder of the exit ramp thirty yards

before reaching the roadblock and took evasive action to avoid being stopped at the roadblock while he was operating the vehicle. Thomas did not submit to the authority of the police officers at the roadblock nor was he seized by proceeding to and going through the roadblock.

As we said in Stroud v. Commonwealth, 6 Va. App. 633, 636, 370 S.E.2d 721, 723 (1988), where the defendant "was not stopped at the roadblock, its constitutionality is immaterial to [the defendant's] detention or arrest." Stroud made a U-turn within 100 to 150 feet of the roadblock in order to avoid being stopped at it. Id. at 634-35, 370 S.E.2d at 722. Based on the police officer's prior experience, Stroud's evasive action caused the police officer reasonably to suspect that the driver was unlicensed or otherwise in violation of the law. However, because Stroud was not physically stopped or restrained at the roadblock and did not submit to the roadblock, no seizure had occurred. Id. at 636, 370 S.E.2d at 723.

We reject the argument that Thomas was seized when he entered the line of traffic on the exit ramp. Thomas contends that when he entered the exit ramp, he was within the "zone" of the roadblock and could not legally avoid going through it. When Thomas stopped, he was thirty yards from the roadblock and had not yielded to the show of authority of the roadblock. The fact that Thomas was in close proximity to the roadblock when he stopped and took action to evade it does not alter the fact that

he was not stopped at the roadblock checkpoint.  Although Thomas' options and freedom of movement may have been limited by the fact that the roadblock was placed at the end of the exit ramp, Thomas' freedom of movement had not been "terminated" by governmental action.  For a seizure to occur, there must be more than an impending threat that a person's freedom of movement may be restricted or limited; a seizure occurs "only when there is a governmental termination of freedom of movement <u>through means intentionally applied</u>."  <u>Brower v. Inyo County</u>, 489 U.S. 593, 597, 109 S. Ct. 1378, 1381, 103 L. Ed. 2d 628, 635 (1989).  Thus, because appellant was not seized, the trial court did not err in ruling that the Commonwealth was not required to establish the constitutionality of the roadblock.

Although Thomas was not seized for purposes of the Fourth Amendment when he stopped before reaching the roadblock, we assume, for purposes of this opinion, that Thomas was seized when Officer Tussing approached him and inquired about his having driven the truck.  <u>See</u> <u>Brown v. Commonwealth</u>, 17 Va. App. 694, 695, 440 S.E.2d 619, 620 (1994).  However, at that time Officer Tussing had reason to suspect that Thomas was either unlicensed or otherwise in violation of the law.  <u>See</u> <u>Prouse</u>, 440 U.S. at 663; <u>Stroud</u>, 6 Va. App. at 636, 370 S.E.2d at 723.  <u>But see</u> <u>Murphy v. Commonwealth</u>, 9 Va. App. 139, 384 S.E.2d 125 (1989) (holding that making a lawful turn 350 feet before a roadblock does not give rise to a reasonable suspicion of criminal activity

unless coupled with other articulable facts).  Thus, Tussing had an articulable and reasonable suspicion that Thomas was engaged in wrongdoing and had the right to briefly detain Thomas while she investigated.  Thus, the DMV information that Tussing subsequently obtained about Thomas being a "suspended habitual offender" and her observations that he had bloodshot eyes and a strong odor of alcohol about him were not the result of an illegal seizure or detention.  Accordingly, we uphold the trial court's ruling refusing to suppress the evidence, and we affirm the conviction for driving after having been declared an habitual offender.

This Court does not have jurisdiction over an appeal from a conviction of refusal to take a blood or breath test.  <u>See</u> <u>Commonwealth v. Rafferty</u>, 241 Va. 319, 402 S.E.2d 17 (1991). Therefore, the portion of the appeal challenging the conviction under Code § 18.2-268.3 is transferred to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

<u>Affirmed in part and</u>
<u>transferred in part.</u>

Benton, Willis, and Elder, J.J., dissenting.

For the reasons stated in the panel decision, <u>see</u> <u>Thomas v. Commonwealth</u>, 22 Va. App. 735, 473 S.E.2d 87 (1996), we would reverse Thomas' conviction for driving after having been declared an habitual offender.  We concur in the decision transferring to the Supreme Court the appeal from the conviction of refusal to take a blood or breath test.  <u>See</u> <u>id.</u> at 740, 473 S.E.2d at 90.