COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


ROY BERGER BASS

MEMORANDUM OPINION[*] BY
v.          Record No. 2535-97-2          JUDGE JERE M. H. WILLIS, JR.
                                          FEBRUARY 16, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge

Larry A. Pochucha (Coates & Davenport, on
brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


On appeal from his conviction for operating a motor vehicle while intoxicated, in violation of Code § 18.2-266, Roy Berger Bass contends that the trial court erred (1) in denying his motion to suppress evidence collected after an officer stopped him for evading a roadblock, and (2) in denying his motion to strike the evidence on the ground that the roadblock's constitutionality was not established.  We affirm the judgment of the trial court.

I.  Background

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

On the evening of March 24, 1997, the Chesterfield Police Department set up a traffic checkpoint on Cogbill Road. All vehicles approaching from both directions were stopped at the checkpoint. Vehicles evading the checkpoint were stopped by chase cars, one of which was being driven by Officer William Wickham.

Officer Wickham saw Bass' vehicle turn left from Route 1 southbound onto Cogbill Road, then make an immediate left turn into a Texaco gas station. Although the station was open, Bass did not stop but drove straight through and exited the lot, turning south on Route 1, thereby avoiding the checkpoint. Because Bass did not stop in the station lot, Wickham concluded that he was evading the checkpoint. Wickham stopped Bass and determined that he was under the influence of alcohol. Wickham testified that prior to the stop, he witnessed no illegal activity by Bass except for his apparent evasion of the checkpoint.

Bass was convicted of driving while intoxicated, in violation of Code § 18.2-266.

## II. Motion to Suppress

Bass contends that the trial court erred in denying his motion to suppress evidence obtained after he was stopped. He argues that the stop violated his Fourth Amendment right against unreasonable search and seizure. In considering the legality of the stop, we must consider the "objective reasonableness of the officer's behavior." Riley v. Commonwealth, 13 Va. App. 494,

497, 412 S.E.2d 724, 725 (1992).  Officer Wickham was responsible for stopping all drivers who attempted to evade the roadblock. The manner in which Bass made two quick turns, cutting through the parking lot without stopping at the station, reasonably supported Officer Wickham's suspicion that Bass sought to evade the roadblock.  That suspicion legitimated the stop.  See Miller v. Commonwealth, 16 Va. App. 977, 979-80, 434 S.E.2d 897, 898-99 (1993).  See also Bailey v. Commonwealth, 28 Va. App. 724, 727-28, ___ S.E.2d ___, ___ (1999).

### III.  Motion to Strike

When a driver is prosecuted after being stopped at a roadblock, the Commonwealth must establish the constitutionality of the roadblock.  See Simmons v. Commonwealth, 238 Va. 200, 204, 380 S.E.2d 656, 659 (1989); Thomas v. Commonwealth, 22 Va. App. 735, 739, 473 S.E.2d 87, 89 (1996).  Bass argues that the Commonwealth failed to prove this element of the case against him.

"Because [Bass] was not stopped or arrested at the roadblock, the validity of the roadblock was immaterial to the legality of his seizure."  Thomas v. Commonwealth, 24 Va. App. 49, 52, 480 S.E.2d 135, 136 (1997).  The trial court correctly rejected Bass' argument that the chase car was an extension of the roadblock.  See id. at 55, 480 S.E.2d at 138.  Bass' freedom of movement was curtailed only upon Wickham's stop, and not by the roadblock.  Thus, the constitutionality of the roadblock is irrelevant.

The judgment of the trial court is affirmed.

Affirmed.

Benton, J., dissenting.

In Murphy v. Commonwealth, 9 Va. App. 139, 384 S.E.2d 125 (1989), we specifically ruled that a motorist may not be stopped simply because he or she engages in a lawful driving maneuver to avoid a roadblock. See id. at 143-46, 384 S.E.2d at 127-29. In making that ruling, we noted the following:

> In this case, [the police officer] stopped [the motorist] after the officer saw him make a legal right turn onto a dead end street approximately 350 feet from a police roadblock. Officer Katz testified that he was acting as the "chase car" and that his role was to go after vehicles which turned to avoid the roadblock. . . . Katz further testified that he noted nothing unusual or suspicious about [the] vehicle or the operation of it, except for the fact that it turned prior to reaching the roadblock. While [the motorist's] turn onto the dead end street may have justified a "hunch" that the driver might be in violation of the traffic laws or might be involved in criminal activity, a legal turn into an existing roadway prior to reaching a checkpoint, standing alone, does not warrant reasonable suspicion that the operator is involved in criminal activity. Under the government's view, every citizen who turned onto a road within sight of a checkpoint, for whatever legitimate reason, would be subject to an investigative detention. This result we cannot sanction.

Id. (footnote omitted).

In the case before us, Roy Bass made a lawful turn into a service station lot. The police officer testified that, prior to stopping Bass, he witnessed no unlawful activity by Bass. The officer stopped Bass solely because he believed Bass was avoiding the checkpoint. The similarity of those facts to the

- 5 -

circumstances in <u>Murphy</u> is unmistakable.  The Commonwealth merely seeks to reargue the issue decided in <u>Murphy</u> and have the Court adopt a view that we expressly rejected.

Applying the <u>Murphy</u> "hold[ing,] that a driver's action in making a legal turn within sight of a roadblock does not give a police officer a reasonable basis to suspect that the driver is involved in criminal wrongdoing," <u>id.</u> at 141, 384 S.E.2d at 126, I would reverse the conviction in this case.  Therefore, I dissent.