# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

David R. Page

January 29, 2002

Case No. K100318

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter came before me on the Defendant's motion to suppress. Following evidence and argument in relation to the motion, I took the matter under advisement. For the reasons stated below, I deny the motion to suppress.

On August 17, 2001, at about 11:00 p.m., Officer Taylor of the Town of Vienna Police Department was riding in a marked police vehicle on routine patrol when he came upon a vehicle parked on the right hand side of the road. The vehicle was running and its parking lights were on. The vehicle was parked parallel with, but at a slight angle to, the side of the road (the rear wheels were about one foot, and the front wheels two feet, from the curb). One individual, who turned out to be the Defendant, occupied the vehicle. The windows of the vehicle were slightly fogged. The driver of the police car (another officer) pulled in behind the Defendant's vehicle and turned on the police car's overhead exterior flashing lights (the "light bar"). Officer Taylor got out of the police car and approached the Defendant's vehicle. The Defendant was seated in the driver's seat with his hands on the steering wheel and his chin on his chest. Officer Taylor knocked on the driver's side window and got no response. He knocked again, and the Defendant responded by rolling down the window. Officer Taylor immediately smelled a strong odor of alcohol, saw an open container in the seat next to the Defendant and noticed that the zipper on the Defendant's pants was down. There then followed certain questions by the Officer and tests of the Defendant that led

to the Defendant's being placed under arrest for driving while intoxicated, a third offense within ten years, and driving on a revoked or suspended operator's license.

Officer Taylor testified that his attention was attracted to and he approached the Defendant's vehicle because cars rarely parked there, only the parking lights of the car were on, and there had been recent reports of robberies in the area.

The Defendant moves to suppress the stop of his vehicle and all evidence acquired during the stop on the grounds that the stop violated the Fourth Amendment to the Constitution of the United States as applied to the Commonwealth of Virginia under the Fourteenth Amendment.[1] Specifically, the Defendant claims that he was seized when the officers pulled in behind him and turned on the light bar of their vehicle, that they had no reasonable, articulable suspicion to seize him at that time, and that any statements or evidence following that unlawful seizure must be suppressed.

In order to determine the merit of the Defendant's Motion to Suppress, this Court must answer three questions. First, based on the actions of Officer Taylor, was the Defendant seized during this encounter? Second, if Officer Taylor seized the Defendant, at what point did this seizure occur? Finally, if a seizure occurred, did Officer Taylor have reasonable, articulable suspicion that criminal activity was afoot?

At the time Officer Taylor parked behind the Defendant's vehicle, he activated the overhead emergency lights on his cruiser. The Supreme Court of Virginia has recognized that this action at times amounts to a seizure. In *Wallace v. Commonwealth*, the Supreme Court stated "[a] driver in Wallace's position, [following a lengthy chase by the police] with Ruiz's cruiser parked behind him and its emergency lights flashing would reasonably have believed he or she was not free to leave the scene. Thus, Wallace was seized within the meaning of the Fourth Amendment." 32 Va. App. 497, 503, 528 S.E.2d 739 (2000). In fact, when a police officer signals a vehicle to stop, or not leave from a parked position, it would be a criminal offense for a person to fail to stop or to leave the scene. See Virginia Code Ann. § 46.2-817 (2000).

However, the fact that a reasonable person would not feel free to leave when an emergency light bar is activated does not suffice in our analysis of the facts at hand. Based on the testimony, I find that the Defendant was not aware of the police officer's presence until the officer had knocked on the window of the parked car twice. At the time Officer Taylor approached the

---

[1] The Defendant also moves to suppress under the Fifth and Sixth Amendments. I find no basis for the motion on these grounds.

Defendant's vehicle, the Defendant was unaware of the officer's presence. "In order for a seizure to occur, an individual must be under some physical restraint by an officer or have submitted to the show of police authority." *Thomas v. Commonwealth*, 24 Va. App. 49, 54 (1997) (*en banc*) (citing *California v. Hodari D.*, 499 U.S. 621, 628 (1991)). Since the Defendant was unaware of Officer Taylor until after the officer knocked on the window of the parked car the second time, I find that the Defendant was not seized until he acknowledged the officer's presence and began rolling down the vehicle's window. At this point, having been alerted to the police presence, a reasonable person in the Defendant's place would not have felt free to leave.

We now turn to the reasonableness of the seizure. The U.S. Supreme Court recently emphasized the totality of the circumstances analysis to be used in Fourth Amendment search and seizure cases dealing with reasonable, articulable suspicion. The U.S. Supreme Court reversed a decision by the Ninth Circuit in which that court broke down each element used by the officer in reaching his decision to stop a vehicle and analyzed it to determine if the individual factor warranted consideration. *United States v. Arvizu*, 122 S. Ct. 744, 151 L. Ed. 2d 740, 2002 U.S. LEXIS 490 (U.S. Jan. 15, 2002). The U.S. Supreme Court, in reaffirming the totality of the circumstances analysis, stated in Arvizu that "our cases have recognized that the concept of reasonable suspicion is somewhat abstract. But we have deliberately avoided reducing it to a neat set of legal rules." *Id.*, 122 S. Ct. at 747 (internal citations omitted).

In rejecting the individual analysis of each factor considered by the border patrol agent, the Supreme Court stated in *Arvizu* "*Terry*, however, precludes this sort of divide-and-conquer analysis." *Id.*, 122 S. Ct. at 748. The Court stressed the importance of the totality of the circumstances test in its usefulness to law enforcement officers operating in the field. The Court reasoned that a court reviewing the actions of an officer must review those facts observed by the officer as a whole, rather than as individual events that standing alone could be explained away as innocent occurrences. *Id.*, 122 S. Ct. at 748.

Viewing the circumstances as they were on the night Officer Taylor approached the Defendant, there were a number of specifics that brought the Defendant to Officer Taylor's attention. The Defendant's vehicle was parked at 11:00 p.m. in an area with which Officer Taylor was very familiar. The officer testified that it was not common for cars to be parked in that area. The vehicle was running with the parking lights turned on. Officer Taylor testified that robberies had taken place recently in the neighborhood.

14

These circumstances alone would not rise to the level of justifying a seizure pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968). However, as discussed earlier, when Officer Taylor activated his emergency overhead lights, the Defendant was unaware of his presence. Officer Taylor approached the vehicle and observed the lone occupant with his head down resting his chin on his chest, his eyes closed, and his hands on the steering wheel. The Officer then knocked on the driver's side window of the vehicle and the occupant did not respond. After some period of time, the Officer knocked a second time and the Defendant opened his eyes and responded to the officer's knocking. It is at this point that, for Fourth Amendment purposes, the reasonableness of the seizure must be determined.

At the time the seizure occurred, the Officer had multiple facts, that when combined and viewed as a whole gave him a reasonable, articuable suspicion that the Defendant was either intoxicated or otherwise attempting to ignore the Officer because he was engaged in some other criminal activity. As the Supreme Court articulated in *Terry*, a series of events viewed by a law enforcement officer separately may be innocent in appearance but when taken as a whole may "warrant further investigation." 392 U.S. at 22. The seizure of the Defendant in this case, viewed in light of the totality of the circumstances, was reasonable.

Based on the evidence, I further find that Officer Taylor was not acting in his community caretaker function when he approached the vehicle. It was clear from the officer's testimony at the hearing that he approached the Defendant's vehicle because he was suspicious of its presence in the neighborhood at that time of night. When asked why he approached the vehicle, Officer Taylor never gave reasons that would involve the community caretaker function.

For these reasons, I deny the motion to suppress.