COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Humphreys and Millette
Argued at Chesapeake, Virginia


JAMES HAMPTON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 1107-07-1              JUDGE ROBERT P. FRANK
                                                         JULY 1, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          Christopher W. Hutton, Judge

            Ben Pavek (Deborah Saunders; Office of the Public Defender, on
            briefs), for appellant.

            Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        James Hampton, appellant, was convicted on his conditional guilty plea of possession of

cocaine in violation of Code § 18.2-250.  On appeal, appellant contends that the trial court erred

in denying his motion to suppress, claiming the police did not have reasonable suspicion to seize

him.  For the reasons that follow, we find that the trial court did not err in denying appellant's

motion to suppress and we affirm appellant's conviction.

                                          BACKGROUND

        At approximately 11:20 p.m. on December 24, 2005, Hampton Police Officer Ryan

Boone was in uniform and patrolling an area that he described as "known for drug activity, gang

activity."  Officer Boone observed appellant near a convenience store waving at passing cars.

Officer Boone pulled into a vacant lot near the convenience store and continued to watch

appellant.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant saw Officer Boone and approached his patrol car. Officer Boone got out of his car, met appellant in the lot, and asked appellant about the waving. Officer Boone smelled alcohol on appellant's breath and noted appellant's eyes were glassy and his speech slurred. Appellant stated that he lived across the street and asked Officer Boone if he could go home.[1] Officer Boone could not specifically recall how he responded to appellant's desire to go home, but he testified that he did not tell appellant that he was not free to go. "I didn't say he had to stay there, but we just continued the conversation." Appellant never attempted to leave.

While Officer Boone spoke with appellant, he noticed a "case" in appellant's shirt pocket. Officer Boone asked appellant about the case, and appellant gave it to Officer Boone, telling Officer Boone he "didn't have anything to hide." Inside the case were two pairs of eyeglasses. Appellant then gave Officer Boone permission to search him. When Officer Boone patted appellant down, he recovered a crack pipe from appellant's shirt pocket.

At the suppression hearing, Officer Boone acknowledged that he wanted to establish appellant's identity "[t]o verify he didn't have any warrants on file . . . [b]ecause it [wa]s a high crime area and I have arrested people with capias [sic] on file."

Appellant does not dispute that he consented to the pat-down search, but contends that Officer Boone's continued questioning after his request to go home amounted to a "seizure" in violation of the Fourth Amendment. In ruling that Officer Boone did not detain appellant, the trial court found that appellant "expressed a desire to go home, which he did not do."

This appeal follows.

---

[1] The record is unclear whether appellant stated "I'd like to go home" or whether he asked if he could go home. The trial court found that appellant "expressed a desire to go home."

ANALYSIS

"'On appeal from a denial of a suppression motion, we must review the evidence in the light most favorable to the Commonwealth, giving it the benefit of any reasonable inferences.'" Slayton v. Commonwealth, 41 Va. App. 101, 103, 582 S.E.2d 448, 449 (2003) (quoting Barkley v. Commonwealth, 39 Va. App. 682, 687, 576 S.E.2d 234, 236 (2003)).  An appellant's claim that evidence was seized in violation of the Fourth Amendment "'presents a mixed question of law and fact that we review *de novo* on appeal.  In making such a determination, we give deference to the factual findings of the trial court and independently determine whether the manner in which the evidence was obtained [violated] the Fourth Amendment.'" Wilson v. Commonwealth, 45 Va. App. 193, 202-03, 609 S.E.2d 612, 616 (2005) (quoting Murphy v. Commonwealth, 264 Va. 568, 573, 570 S.E.2d 836, 838 (2002)) (alteration in original).

> Fourth Amendment jurisprudence "has placed police-citizen confrontations into three categories."  "First, there are communications between police officers and citizens that are consensual and, therefore, do not implicate the [F]ourth [A]mendment."  Second, are "brief investigatory stops" based upon "specific and articulable facts," and third, are "highly intrusive, full-scale arrests" based upon probable cause.

Payne v. Commonwealth, 14 Va. App. 86, 88, 414 S.E.2d 869, 869-70 (1992) (quoting Iglesias v. Commonwealth, 7 Va. App. 93, 99, 372 S.E.2d 170, 173 (1988)).

"Law enforcement officers do not violate the Fourth Amendment's prohibition of unreasonable seizures merely by approaching individuals on the street or in other public places and putting questions to them if they are willing to listen." United States v. Drayton, 536 U.S. 194, 200 (2002); see also Florida v. Bostick, 501 U.S. 429, 434 (1991).  Furthermore, "'[a]n encounter between a law enforcement officer and a citizen in which the officer merely identifies himself and states that he is conducting an . . . investigation, without more, is not a seizure within the meaning of the Fourth Amendment but is, instead, a consensual encounter.'" Londono v.

Commonwealth, 40 Va. App. 377, 399, 579 S.E.2d 641, 651 (2003) (quoting McGee v. Commonwealth, 25 Va. App. 193, 199, 487 S.E.2d 259, 262 (1997) (*en banc*)). During a consensual encounter, a citizen may validly consent to a search of his person or property, and "searches made by the police pursuant to a valid consent do not implicate the Fourth Amendment." McNair v. Commonwealth, 31 Va. App. 76, 82, 521 S.E.2d 303, 306 (1999) (*en banc*). A person need not be told of his right to refuse consent in order for that consent to be voluntary. Barkley, 39 Va. App. at 696, 576 S.E.2d at 241. The totality of the circumstances is controlling. Id.

"In order for a seizure to occur, an individual must be under some physical restraint by an officer or have submitted to the show of police authority." Thomas v. Commonwealth, 24 Va. App. 49, 54, 480 S.E.2d 135, 137 (1997) (*en banc*) (citing California v. Hodari D., 499 U.S. 621, 628 (1991)). An encounter between a police officer and a citizen becomes a seizure for Fourth Amendment purposes "'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave,'" Baldwin v. Commonwealth, 243 Va. 191, 196, 413 S.E.2d 645, 648 (1992) (quoting United States v. Mendenhall, 446 U.S. 544, 554 (1980)), because the citizen's freedom of movement was being restrained by the use of physical force or show of authority. Hodari D., 499 U.S. at 626-27.

Among the factors that determine whether an officer "by means of physical force or a show of authority" would cause a reasonable person to feel seized, Mendenhall, 446 U.S. at 553, are the "'threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled.'" Londono, 40 Va. App. at 398-99, 579 S.E.2d at 651 (quoting Mendenhall, 446 U.S. at 554).

Appellant conceded at oral argument that no other factors indicating appellant was seized were present, aside from Officer Boone's failure to respond. Appellant argues that Officer Boone's failure to respond to appellant's request to go home, standing alone, indicated that appellant was not free to leave. This silence, claims appellant, transformed an initially consensual encounter into a seizure. We disagree.

Accepting the trial court's historical factual findings, we review *de novo* whether those facts support the legal conclusion that appellant was seized under the circumstances here and that the encounter was no longer consensual when Officer Boone asked for consent to search.

We conclude that appellant was not seized and that he voluntarily consented to the search in a spirit of apparent cooperation with Officer Boone rather than in "submission to a show of force or authority which left him no choice." Sibron v. New York, 392 U.S. 40, 63 (1968). This conclusion hinges on several specific facts considered in the context of the totality of the circumstances. Initially, we find it significant that appellant voluntarily approached Officer Boone in a public place. He was not touched, frisked, or restrained in any way. There was no use of force, brandishing of weapons, or any intimidation, threat, or command. Importantly, Officer Boone was alone, unaccompanied by other officers.

When appellant expressed his desire to go home, Officer Boone did not order him to remain or restrict his movement. Appellant was free to leave and walk away. Instead, appellant decided to stay and carry on the conversation that he had initiated with Officer Boone. Officer Boone merely continued to speak with appellant, and appellant made no other attempts to leave or terminate the conversation. When Officer Boone asked about appellant's glasses case, appellant freely handed it over, remarking that he "didn't have anything to hide." A reasonable person would not perceive Officer Boone's failure to comment on appellant's statement as a basis to believe he was not free to go. Indeed, nothing in the record suggests appellant was not

- 5 -

free to leave.  Thus, we see nothing in the record before us that transformed the consensual encounter into a seizure.

## CONCLUSION

For the foregoing reasons, we find the trial court did not err in denying appellant's motion to suppress.  Accordingly, we affirm.

<u>Affirmed.</u>