COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Frank, Petty and Senior Judge Bumgardner
Argued at Chesapeake, Virginia


TYRONE PARKER

v.      Record No. 1667-13-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE RUDOLPH BUMGARDNER, III
AUGUST 26, 2014


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Everett A. Martin, Jr., Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Tyrone Parker appeals his conviction of possession of more than one half ounce but less

than five pounds of marijuana with the intent to distribute, Code § 18.2-248.1. He contends he was

illegally detained before being searched incident to his arrest. Finding the trial court did not err in

denying his motion to suppress, we affirm.

"In reviewing a trial court's denial of a motion to suppress, '[t]he burden is upon [the

defendant] to show that th[e] ruling, when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'" McGee v. Commonwealth, 25 Va. App. 193,

197, 487 S.E.2d 259, 261 (1997) (*en banc*) (quoting Fore v. Commonwealth, 220 Va. 1007,

1010, 265 S.E.2d 729, 731 (1980)). We review *de novo* the questions of reasonable suspicion

and probable cause, but we "review findings of historical fact only for clear error and . . . give

due weight to inferences drawn from those facts by resident judges and local law enforcement

officers." Ornelas v. United States, 517 U.S. 690, 699 (1996).

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officers Finn and Ortiz were on patrol in a marked police car across the street from a Norfolk Regional Housing Authority (NRHA) public housing complex when they observed the defendant ride by on a bicycle. Finn knew the defendant by his nickname and asked if he would stop to talk with them. The defendant turned around and approached the driver's side of the police cruiser. Finn exited the vehicle, asked the defendant for identification, and explained he was going to issue him a notice banning him from all NRHA property. Finn had been working as a community resource officer for the complex and had received several complaints about the defendant. Finn completed a "ban notice," gave the defendant a copy, and returned his identification.

Finn then asked the defendant if he had a license for his bicycle. When the defendant stated that he did not, Ortiz asked him if he could check the serial number on the bicycle to determine if it had been reported stolen. The defendant agreed and got off the bicycle when Ortiz stated he would need to look under it. Ortiz took the serial number from the bottom of the bicycle and learned it had been reported stolen. He then arrested the defendant for the possession of the stolen bicycle, handcuffed him, and searched him incident to the arrest. Ortiz found twenty-six individually wrapped bags of marijuana and a large amount of currency on him. The defendant admitted the marijuana was his and that he intended to distribute it.

The defendant moved to suppress the drugs and his incriminating statements. He maintained he was seized when Finn began the process to ban him from NRHA properties. The trial court ruled that even if writing out the ban notice constituted a seizure once the notice was completed and given to the defendant with his identification "he was then free to leave." The trial court concluded the rest of the encounter was consensual. It denied the motion to suppress.

While we agree with the trial court's finding that the defendant was engaged in a consensual encounter with the police after the issuance of the ban notice, we also conclude the

defendant was never seized before his arrest for possession of a stolen bicycle. "Police officers do not violate the Fourth Amendment . . . when the person's encounter with the police is consensual." Harris v. Commonwealth, 266 Va. 28, 32, 581 S.E.2d 206, 209 (2003). "In order for a seizure to occur, an individual must be under some physical restraint by an officer or have submitted to the show of police authority." Thomas v. Commonwealth, 24 Va. App. 49, 54, 480 S.E.2d 135, 137 (1997) (*en banc*) (citing California v. Hodari D., 499 U.S. 621, 628 (1991)).

Addressing nearly identical facts, the Supreme Court of Virginia concluded that a seizure does not occur when an individual is briefly detained by law enforcement officers while they notify him he is banned from a property. See Jones v. Commonwealth, 279 Va. 521, 530, 690 S.E.2d 95, 100 (2010).

In this case, the trial judge did not rule on the question of whether the defendant was seized while the officer completed the ban notice. Indeed, at trial neither side cited Jones as important precedent to the facts developed at the suppression hearing. The trial court prudently avoided ruling on a legal issue not fully developed by the parties and ruled on an alternative point that fully addressed the defendant's motion to suppress; regardless of the possibility of an earlier seizure, any seizure would have ended before the defendant consented to the search.

The record of this case contains all evidence necessary to rule on the issue of whether the defendant was ever seized during his encounter with the police. This ground for affirmance was before the trial court. "The factual record is complete; the conclusion to be drawn from these facts . . . may be decided on this record." Perry v. Commonwealth, 280 Va. 572, 581, 701 S.E.2d 431, 436 (2010). "[We] independently determine whether the manner in which the evidence was obtained satisfies the Fourth Amendment." Jones, 279 Va. at 527, 690 S.E.2d at 99.

Jones noted:

> [T]he deputies did not demand that Jones accompany them to the
> rental office. Jones was merely asked if he would accompany the

> deputies, and he was cooperative with their request. There was no evidence that either deputy brandished his weapon, physically touched Jones, used a tone of voice, language or body language indicating that Jones was not free to leave, or that compliance with their request to accompany them to the rental office was compelled. There was no evidence of repeated requests by the deputies. Although the deputies did not affirmatively inform Jones that he was free to leave, that fact alone is not sufficient to remove the consensual nature of the encounter.

Id. at 529, 690 S.E.2d at 100. The Court specifically held the facts surrounding the detention supported the conclusion it did not amount to a seizure.

We also conclude the defendant in this case was not seized during the encounter with the police before they obtained probable cause to arrest him for the possession of the stolen bicycle. The record does not suggest the defendant was restrained or subjected to a "show of police authority." He voluntarily approached the officers after they asked to speak to him, and Finn remained three to four feet away from the defendant as they discussed his activities at the housing complex. Finn spoke with the defendant only long enough to examine his identification and issue a notice banning him from NRHA property. After Finn returned the defendant's identification along with the ban notice, he asked the defendant about his bicycle license, but did not restrain him in any manner. Ortiz asked the defendant if he could run the serial number on the bicycle, and the defendant readily agreed. Nothing in the officers' words or actions suggested the defendant was not free to leave. As in Jones, the fact that the officers did not inform the defendant that he was free to leave did not transform the consensual encounter into a seizure.

The defendant stresses that Harris controls. In that case an initial lawful stop became unlawful because a reasonable person would not have known the initial seizure had ended and would not have felt free to leave. Harris, 266 Va. at 33, 581 S.E.2d at 210. In this case, the initial encounter with the police never was a seizure. There was no subsequent, post-seizure

encounter as in <u>Harris</u>.  This case does not pose an issue of whether police extended a lawful detention into an unlawful seizure.

The totality of circumstances demonstrates that the encounter was consensual until the police learned the bicycle had been reported stolen and arrested the defendant.  The trial court properly denied the motion to suppress.  Accordingly, we affirm.

<u>Affirmed.</u>